IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARGARET REED and
FRED REED,
    Plaintiffs,

vs.                                     Case No.: 3:14cv95/MCR/EMT

GULF POWER SOUTHERN COMPANY,
    Defendant.
_____ /

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff Margaret Reed commenced this action by filing a civil complaint under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 (doc. 1). The court granted her motion to proceed in forma pauperis (*see* docs. 2, 6). Subsequently, Fred Reed, Margaret Reed's husband, joined his wife in filing an Amended Complaint (doc. 8). He also filed a motion to proceed in forma pauperis (doc. 11), which the court will grant. The Reeds also filed a Second Amended Complaint (doc. 10). They are proceeding pro se.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the Reeds, it is the opinion of the undersigned that dismissal of this action is warranted.

I.     BACKGROUND

    The Reeds name Gulf Power Company as the sole Defendant in this case. In their Second Amended Complaint, which is the operative pleading, the Reeds allege that in October of 2013 they contacted Gulf Power and requested that electric service to a guest house on their property be terminated (doc. 10 at 3). They allege Gulf Power told them that electric service to the house was

terminated, and a technician came to the house to reassure the Reeds that service to the guest house was terminated (*id.*). However, shortly thereafter, the guest house caught fire (*id.*). The Reeds allege that the fire department advised them that the fire was caused by "a spark in the wires" (*id.*). The Reeds suffered property damage and emotional injury from the fire (*id.*). The Reeds allege Gulf Power failed to completely terminate electric service to the guest house, and this conduct deprived them of their due process rights in violation of the Fifth Amendment (*id.* at 4). As relief, they seek monetary damages in the amount of $75,150.00 (*id.*).

II. ANALYSIS

The Reeds allege a violation of their federal constitutional rights and, therefore, invoke the court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Section 1983 of Title 42 of the United States Code provides for the recovery of monetary damages for an alleged violation of a right secured by the Constitution or other federal laws; however, two essential elements must be present: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). A private party does not normally act under color of state law and is therefore not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private parties may be viewed as state actors for section 1983 purposes if one of the following three tests is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise ('nexus/joint action test')." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (citations and internal quotation marks omitted).

In the instant case, the Reeds do not allege any facts suggesting Gulf Power Company acted under color of state law.  Therefore, they cannot state a plausible claim for relief under § 1983.[1]

Accordingly, it is **ORDERED**:

1.	Plaintiff Fred Reed's motion for leave to proceed in forma pauperis (doc. 11) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1.	That this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

2.	That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 31st day of March 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] This court does not have jurisdiction of this matter under 28 U.S.C. § 1332, to the extent the Reeds attempt to invoke the court's diversity jurisdiction (*see* doc. 8 at 1).  For diversity jurisdiction, the Reeds must allege they and Gulf Power Company are citizens of different states, and the matter in controversy exceeds the jurisdictional amount set forth in the statute.  28 U.S.C. § 1332.  The Reeds allege they are citizens of Florida (doc. 10 at 1–2; *see also* docs. 2, 11).  However, Gulf Power also qualifies as a citizen of Florida, because it is a Florida corporation with its principal place of business in Pensacola, Florida.  *See* Gulf Power Co. v. Coalsales II, L.L.C., 661 F. Supp. 2d 1270, 1272 (N.D. Fla. 2009).  Therefore, the Reeds may not proceed pursuant to this court's diversity jurisdiction.

Case No.:  3:14cv95/MCR/EMT